UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARBARA PEDOTE and NELSON HESS, | ) |
| Plaintiffs, | ) Case Nos. 15-cv-01777 (LDW)(GRB) |
| | ) and |
| v. | ) 17-cv-05872 (JFB)(GRB) |
| COUNTY OF NASSAU, | ) (*Fed. R. Civ. P. 42(a)(2)*) |
| NASSAU COUNTY SHERIFF'S DEPARTMENT, NASSAU COUNTY POLICE DEPARTMENT, and JOHN DOES "1-10," being the fictitious names of Nassau County Deputy Sheriffs and Police Officers whose names are not known to Plaintiff, individually and in their official capacities, | ) AFFIRMATION IN SUPPORT OF MOTION TO CONSOLIDATE |
| Defendants. | ) |

Robert L Greenberg, an attorney duly admitted to practice Law before the United States District Court of the Eastern District of New York, hereby affirms under the penalties of perjury as follows:

1. I am the attorney for Plaintiffs in both matters before the Court and, as such, I have full knowledge of the facts stated in this affidavit, which I believe to be true and correct.

2. I make this Affirmation in support of the herein motion for consolidation and for a joint trial.

3. It is obvious from the captions themselves that each action involves the same exact defendants.

4. The underlying facts are as follows:

   a. Plaintiffs were served with a predicate notice of termination of their trailer lots based on intended change of use of the land, pursuant to RPL 233(b)6;

   b. The Parties litigated the matter in court, which resulted in an award of eviction for the Landlord;

   c. A warrant of eviction was issued on January 31, 2013 and a 90 Day Notice of Eviction was served on Plaintiffs;;

   d. Plaintiffs appealed the decision and order of the court, during which Plaintiffs' eviction was stayed;

   e. The stay of eviction was vacated as of April 2014;

   f. On August 12, 2014, Plaintiffs' appeal was denied;

   g. No new warrant was obtained, nor new notice of eviction issued;

   h. Defendants Nassau County Sheriff and Deputy Sheriffs, John Does 1-5 evicted Plaintiffs in December 2014 on a warrant that expired in July of 2013;

   i. Plaintiffs, the President and Vice Presidents of HOPE Association, a lawful association, were evicted first, even though not the first names on the lawsuit docket;

   j. Post eviction, Defendants Nassau County Police and Police Officers John Does 6-10 prevented Plaintiffs from lawfully assembling with the remaining Trailer Park residents, thereby denying Plaintiffs their rights to free speech;

   k. After a later hearing regarding the remaining residents of the Park, the Court (LeRose, J.), ordered the issuance of fresh warrants of eviction and,

      therefore, required additional service of the Notices of Eviction;

l.     These additional residents were never evicted by the Sheriff, rather they were bought out by the Landlord;

m.    The Trailer Park Owners never changed the use of the land, but sold the vacant raw land for over ten million dollars, a fact unknown at the time that the first lawsuit was filed.

## FIRST LAWSUIT

5. Plaintiffs brought the first suit against Defendants captioned above, under index number 15-cv-01777 (LDW)(GRB), for wrongful eviction, breach of Plaintiffs' Civil Rights to lawful speech and assembly, breach of Defendants' duty to protect its Citizens, breach of their obligation to verify and follow their own protocol, intentional infliction of emotional distress, negligent infliction of emotional distress, violation of the Americans with Disability Act, Negligent Hiring, and *Respondeat Superior*.

6. The time delay between vacateur of the stay of eviction and actual eviction indicates that Defendants Sheriff and Deputy Sheriffs had actual or constructive knowledge that a fresh warrant needed to be issued.  This would then require that an additional Notice of Eviction be served.

7. Upon information and belief, the warrants had to be returned to the clerk within six months of issuance and a new warrant had to be issued in this case.  This protocol was supported by the decision of the Honorable Douglas LeRose, who ordered that

fresh warrants of eviction be issued for the remaining residents.

8. Defendants Police Department and Officers violated my clients' First Amendment rights of assembly and free speech, as individuals and as members of the lawfully registered homeowners association, HOPE Association of Syosset LLC.

9. Defendants Sheriff, deputy sheriffs, Police Department, and its police officers were appointed, as agents and officers of Nassau County, to protect all citizens of Nassau County.

10. Nassau County had an overriding duty to supervise its agents and protect its citizens, including Plaintiffs, from these unlawful actions of its agents.

11. Plaintiffs' suspicion that the Landlords were in fact, not changing the use of the land was noted in the first complaint. Neither applications for permits nor plans for the redevelopment had yet been filed.

12. The Nassau County Attorney's Office withdrew from defending Defendants, alleging a conflict of interest.

13. Defendants moved for summary judgment, currently before the Court.

## SECOND LAWSUIT

14. Subsequent to filing the first lawsuit, Plaintiffs discovered that the Trailer Park owner not only **DID NOT** change the use of the land, but sold the land for more than ten million dollars.

15. This, of course, explains why the trailer park owners settled the cases with the other residents (who, without knowledge of the impending purchase, were pressured into agreeing, believing that they would be evicted anyway), by paying them off. The

owner could not risk exposure of the truth in court.

16. This newly discovered fact, its implications regarding Defendants' knowledge and actions based on this knowledge, the breach of their duties and obligations, compelled me to inform the Court.

17. For, not only was Plaintiff's evictions based on stale and invalid documents, it was based on a fraudulent predicate notice.

18. In addition to a cause of actions for fraud, it is well-established law that an invalid predicate notice renders the proceeding upon which it is based a nullity.

19. Defendants, required to protect ALL of its citizens, were obligated to verify whether the Trailer Park Owners were actually changing the use, easily done by checking if applications for required permits were filed. There applications could have been submitted prior to evictions, thereby, expediting the change of use.

20. It is respectfully submitted that Defendants pursued the evictions, with more that the knowledge, actual or constructive, that the underlying warrants and notices of eviction were no longer legitimate and could not support eviction, as alleged in the first case. Defendants pursued these evictions with the knowledge that no new warrant *could* ever be obtained, because the predicate notice was *fraudulent*.

21. While it is believed that Defendants had actual knowledge of these facts, they had constructive knowledge based on their duty to verify whether change of use was being implemented.

22. While the Nassau County Attorney's Office did not give a reason for withdrawing from this case, any knowledge of its client's impropriety could preclude an

"effective" defense of its clients under the rules of conduct regarding disclosure.

23. Upon information and belief, it is this very reason that the Nassau County Attorney's Office withdrew from representation. Specifically: the Office had knowledge of the fraud being perpetrated by the Trailer Park Owners.

24. By the time we understood that the Park owners did not change use, it was too late to amend the complaint. Therefore, the only option to bring this issue of fraud to the Court was to file a new complaint.

25. Plaintiffs therefore filed a new case with the same parties under index number 17-cv-05872 (JFB)(GRB).

26. Both cases are in front of the same Court.

27. The seriousness of the fraud Defendants perpetrated against my clients, who lost their homes, cannot be emphasized enough.

28. This matter must be heard by the Court, and—in order to save the Court time and save my clients expenses—it is best to consolidate these two matters.

29. Defendants will not be prejudiced by this consolidation in any way.

30. No prior request for this relief has been made.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, it is respectfully requested that the herein motion to consolidate the two cases of PEDOTE and HESS v. COUNTY OF NASSAU, NASSAU COUNTY SHERIFF'S DEPARTMENT, NASSAU COUNTY POLICE DEPARTMENT, and JOHN DOES "1-10, under the above referenced index numbers be granted and for whatever other and further relief that the Court deems just and proper.

Dated: New York, New York
January 17, 2018

/s/Robert L. Greenberg
Robert L. Greenberg, Esq.
RG6043
Robert L. Greenberg, P.C.
43 West 43rd Street
New York, NY 10036
T: (212) 644-0313
F: (646) 328-4518
rgreenberg@RobertLGreenberg.com
Attorney for Plaintiffs